**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| FORD AUDIO-VIDEO SYSTEMS, LLC, an Oklahoma limited liability company, | § | |
| Plaintiff, | § | |
| v. | § | Case No. ____________ |
| CAPSTONE CLASSIC CONSTRUCTION, LLC, A Texas limited liability company and ALEX FISHER, an individual. | § | |
| Defendants. | | |

**COMPLAINT**

Plaintiff Ford Audio-Video Systems, LLC for its Complaint against Defendants Capstone Classic Construction, LLC and Alex Fisher states and alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ford Audio-Video Systems, LLC ("Ford") is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma. Ford does business utilizing a trade name of Ford AV.

2. Defendant Capstone Classic Construction, LLC ("Capstone) is a Texas limited liability company doing business in the State of Texas. Upon information and belief, Capstone receives mail and conducts business at its Texas office located at 2810 Market Loop, Suite 100, Southlake, TX 76092. Capstone can be served through its registered agent, Alexander Clay Fisher, at 2810 Market Loop, Suite 100, Southlake, TX 76092.

3. Defendant Alex Fisher is a resident of the State of Texas in Tarrant County.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because the agreement that is the subject of this action provides for venue in Tarrant County, Texas. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because this Court has both general and specific personal jurisdiction over Defendants.

## GENERAL ALLEGATIONS

Ford hereby adopts and incorporates by reference all statements allegations contained above as if fully set forth herein and further states:

6. On or about August 24, 2015, Capstone and Ford executed a Subcontract Agreement (the "Agreement") which provided for Ford to provide audio and video services on a project upon which Capstone was the general contractor (the "Project"). A true and correct copy of the Subcontract Agreement is attached hereto as **Exhibit A**.

7. The Project involved work to be performed by Ford on real property owned by High Sky Children's Ranch in Midland, Texas ("Owner").

8. Ford properly performed all of its obligations under the Agreement.

9. Capstone failed to perform its duties under the Agreement by not paying Ford for the work performed as required by the Agreement.

10. Ford has made demand on Capstone for payment but payment has not been made.

## I: RECOVERY UNDER THE AGREEMENT AGAINST CAPSTONE

Ford hereby adopts and incorporates by reference all statements allegations contained above as if fully set forth herein and further states:

11. Capstone has breached the Agreement by not paying Ford for goods and services provided under the Agreement. Capstone is in default under the Agreement.

12. The balance owed to Ford under the Agreement is $124,537.00, plus interest, penalty or fees allowed by the Agreement.

13. Ford is also entitled to recover its attorneys' fees and costs pursuant to Section 13.2 of the Agreement.

WHEREFORE, Ford requests the Court to enter the following relief:

A. An *in personam* money judgment against Capstone in the principal sum of $124,537.00, together with interest, penalties or fees provided for by the Agreement, until paid.

B. Awarding Ford such other and further relief to which Ford might be entitled and which may be just and equitable under the facts and circumstances, including, but not limited to attorneys' fees and costs.

## II. RECOVERY AGAINST CAPSTONE AND ALEX FISHER INDIVIDUALLY UNDER TEXAS CONSTRUCTION TRUST FUND ACT

14. Upon information and belief, the Owner paid funds to Capstone for the purpose of paying subcontractors on the Project such as Ford. Further upon information and belief, Capstone diverted those funds to a purpose other than payment to Ford.

15. The funds paid by the Owner to Capstone constitute "trust funds" under the Texas Construction Trust Fund Act found in the Texas Property Code, Title 10, Chapter 162 ("Act").

16. Both Capstone and Alex Fisher are "trustees" under the Act.

17. Capstone and Alex Fisher diverted the trust funds without first fully paying all past due obligations incurred by them to the beneficiaries of the trust funds (as defined by the Act) and therefore misapplied the trust funds.

18. Under the Act, Ford is a beneficiary entitled to the trust funds.

WHEREFORE, Ford requests the Court to enter the following relief:

A. An *in personam* money judgment against Capstone and Alex Fisher in the principal sum of $124,537.00, together with pre and post judgment interest, until paid.

B. Awarding Ford such other and further relief to which Ford might be entitled and which may be just and equitable under the facts and circumstances, including, but not limited to attorneys' fees and costs.

Respectfully submitted,

/s/ Joel W. Harmon
Joel W. Harmon (Texas Bar #24006398)
**CROWE & DUNLEVY**
A Professional Corporation
Braniff Building, Suite 100
324 Robinson Ave.
Oklahoma City, OK 73102-8273
(405) 239-6637
(405) 272-5927 (Facsimile)
Joel.harmon@crowedunlevy.com

**ATTORNEY FOR PLAINTIFF**